UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANGEL JACOBO REYES-LOPEZ,

                            Petitioner,

        v.

MARKWAYNE MULLIN, *et al*.,

                            Respondents.

Case No. C26-2089-MLP

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS

Petitioner Angel Jacobo Reyes-Lopez is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. He has filed, through counsel, a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the constitutionality of his ongoing detention. (Dkt. # 1.) Respondents filed a timely return to the petition (dkt. # 5), together with supporting declarations from Respondents' counsel, Katherine G. Collins (dkt. # 6) ("Collins Decl."), and ICE Deportation Officer Gennadiy Baz (dkt. # 7) ("Baz Decl."). Petitioner filed a timely traverse in response to Respondents' return (dkt. # 8), and thereafter filed a notice of supplemental evidence (dkt. # 9). The Court, having reviewed the parties' submissions and the governing law, DENIES Petitioner's habeas petition (dkt. # 1).

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 1

# I.     BACKGROUND

Petitioner is a native and citizen of Guatemala who entered the United States on July 5, 2019, on a B-1 visitor business visa. (Baz Decl., ¶ 4; Collins Decl., Exs. A, B.) Petitioner's period of admission under the B-1 visa expired on January 4, 2020, but Petitioner did not leave the United States and has continuously resided in the country since that time. (*See id.*; *see also* dkt. # 1, ¶ 25.)

On May 8, 2026, ICE's Seattle Office of Enforcement and Removal Operations ("ERO") determined that Petitioner was unlawfully present in the United States as his visa had expired and he had no pending or approved immigration applications that would allow him to remain in the country. (Baz Decl., ¶ 5; Collins Decl., Ex. B at 2.) An ERO supervisor therefore issued a warrant for Petitioner's arrest, and an arrest team was dispatched to Petitioner's residence to locate and arrest him. (*See id.*) After arriving at the residence, the arrest team observed Petitioner getting into a vehicle, followed the vehicle as it drove away, and then conducted a vehicle stop. (*See id.*)

Petitioner was arrested and transported to the ERO Seattle Office where he was served with a Warrant for Arrest, a Notice of Custody Determination, and a Notice to Appear ("NTA"). (Baz Decl., ¶ 7; Collins Decl., Exs. B at 3-4, C-E.) The NTA charged Petitioner as removable under Section 237(a)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(B), as a noncitizen who remained in the United States longer than permitted. (Baz Decl., ¶ 7; Collins Decl., Ex. E.) The Notice of Custody Determination reflects that ICE determined Petitioner would remain detained pending a final decision in his removal proceedings. (Collins Decl., Ex. D.) Petitioner was subsequently transferred to NWIPC, where he remains. (Baz Decl., ¶ 7.)

Petitioner appeared for master calendar hearings before the Tacoma immigration court on May 19, 2026, May 26, 2026, June 6, 2026, and June 25, 2026. (Baz Decl., ¶¶ 8-9, 12-13.) Petitioner requested and was granted continuances at the first three hearings, and at the fourth hearing the immigration judge took pleadings and scheduled a merits hearing for August 6, 2026. (*See id.*)

## II.    LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    DISCUSSION

Petitioner asserts in his petition that his continued detention violates his Fifth Amendment right to procedural due process because Respondents have not provided "any meaningful individualized determination that his continued incarceration is necessary to prevent flight or protect the community." (Dkt. # 1 at 11.) Petitioner requests immediate release or, in the alternative, an individualized bond hearing before an immigration judge. (*Id.* at 14.)

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 3

Respondents argue in response that Petitioner is lawfully detained under 8 U.S.C. § 1226(a), and that the Ninth Circuit has found § 1226(a) and its implementing regulations satisfy due process. (Dkt. # 5 at 3 (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209-10 (9th Cir. 2022)).) Respondents further argue that Petitioner failed to exhaust his administrative remedies and that he should be required to avail himself of the procedural protections of § 1226(a) before seeking federal habeas relief. (*Id.* at 5-8.)

In his traverse, Petitioner argues that Respondents' exhaustion argument no longer justifies dismissal of the petition because he has now requested a custody redetermination in the Tacoma immigration court,[1] and because administrative review cannot correct the constitutional violation he raises in this action. (*See* dkt. # 8 at 5-6, 8-9.) Petitioner also appears to reframe the issue originally presented in his petition, arguing in his traverse that he was entitled to a hearing *before* he was deprived of his liberty and not that his *continued* detention without a hearing violates his due process rights, as asserted in his petition. (*See id.* at 7, 13-14.)

### A.    Statutory Basis for Detention

There is no dispute that Petitioner is currently detained under 8 U.S.C. § 1226(a). Section 1226(a) grants the government the discretionary authority to determine whether a noncitizen should be detained, released on bond, or released on conditional parole pending the completion of removal proceedings, unless the noncitizen falls within one of the categories of criminals described in § 1226(c), for whom detention is mandatory. 8 U.S.C. § 1226. When a noncitizen is arrested and taken into immigration custody pursuant to § 1226(a), ICE makes an initial custody

---

[1] A more recent submission advises that Petitioner was afforded a custody redetermination hearing before an immigration judge on July 14, 2026, and the immigration judge denied Petitioner's request for a change in custody status on the grounds that Petitioner failed to establish he was not a flight risk. (*See* dkt. # 9 at 2, Ex. A.)

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 4

determination. *See* 8 C.F.R. § 236.1(c)(8). After the initial custody determination, the detainee may request a bond redetermination by an immigration judge. 8 C.F.R. § 236.1(d)(1).

At the bond redetermination hearing, the burden is on the detainee to show to the satisfaction of the immigration judge that he warrants release on bond. *See In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006). In making a bond decision under § 1226(a), an immigration judge must consider whether the detainee "is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *Id*. (citing *In re Patel*, 15 I. & N. Dec. 666 (B.I.A. 1976)). If the immigration judge denies bond, the detainee may appeal to the Board of Immigration Appeals ("BIA"). 8 C.F.R. §§ 236.1(d)(3), 1236.1(d)(3)(i). A noncitizen who remains detained following an immigration judge's initial bond redetermination may request a subsequent bond redetermination whenever the noncitizen's "circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e).

Here, on the day of Petitioner's arrest, ICE made an initial determination that he should remain in custody. (Collins Decl., Ex. D.) While the Notice of Custody Determination form provided Petitioner an opportunity to request further review of his custody by an immigration judge, he made no such request. (*See id*.) Indeed, Petitioner requested review of his custody by an immigration judge only after Respondents filed their return in this matter arguing that the petition should be denied for failure to exhaust administrative remedies. (*See* dkt. # 8 at 6.) The Court now turns to Respondents' exhaustion argument.

**B.      Exhaustion**

Respondents assert that after ICE determined Petitioner would remain in detention during the pendency of his removal proceedings, he could have, but did not, seek a bond redetermination hearing before an immigration judge. (Dkt. # 5 at 5.) Respondents argue that

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 5

Petitioner should not be allowed to bypass the administrative process which entitles him to procedures that could lead to the relief he seeks in this action. (*Id.*)

Petitioner argues that the factual premise underlying Respondents' exhaustion argument, *i.e.*, that he failed to pursue the administrative process available under § 1226(a), no longer exists because he has now requested and received a custody redetermination hearing. (Dkt. # 8 at 5-6; dkt. # 9 at 2-3.) At the custody redetermination hearing, the immigration judge denied Petitioner's request for a change in custody status, on the grounds that he "failed to establish that he is not a flight risk." (Dkt. # 9, Ex. A at 1.) Notably, Petitioner does not claim, nor does the record indicate, that he has appealed the immigration judge's custody decision to the BIA which, as noted above, is an additional layer of review available through the administrative review process. Thus, the fact that Petitioner has now requested and obtained a custody redetermination hearing before an immigration judge does not moot Respondents' exhaustion argument.

Respondents acknowledge that exhaustion in the context of immigration habeas petitions is prudential rather than jurisdictional. (Dkt. # 5 at 6 (citing *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001) (*abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 36 n.5 (2006)).) Courts may require exhaustion as a prudential matter when: (1) "agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision, (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme, and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (citation omitted).

If a petitioner fails to exhaust administrative remedies as a prudential matter, then "a district court ordinarily should either dismiss the petition without prejudice or stay the

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 6

proceedings until the petitioner has exhausted remedies." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). However, the exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quotations marks and citation omitted).

Had Petitioner not taken the intervening step of obtaining a bond redetermination hearing from an immigration judge during the pendency of this case, dismissal of the case on exhaustion grounds would have been appropriate. *See Kim v. Mullin*, 2026 WL 948347, at *3-4 (W.D. Wash. April 8, 2026) (finding prudential exhaustion required where petitioner detained under § 1226(a) did not avail himself of right to have an immigration judge review the initial ICE detention determination); *see also Coke v. Scott*, 2025 WL 2108711, at *5 (W.D. Wash. June 18, 2025) (same), *report and recommendation adopted*, 2025 WL 2107736 (W.D. Wash. July 28, 2025). At this juncture, however, the issue to be decided is a constitutional challenge to the process afforded Petitioner in relation to his ongoing detention, a claim better suited to review by the federal habeas court. *Scott v. Wamsley*, 2025 WL 3514304, at *4 (W.D. Wash. Dec. 8, 2025) (finding that due process and statutory challenge to continued detention is "fundamentally a question of law"), *reconsideration denied*, 2026 WL 83971 (W.D. Wash. Jan. 12, 2026). The Court accordingly exercises its discretion and will not require Petitioner to exhaust his BIA appeal before seeking relief here. The Court now turns to the substance of Petitioner's due process claim.

### C.    Due Process

The Fifth Amendment's Due Process Clause forbids the government from depriving any person of "life, liberty, or property, without due process of law." U.S. Const. amend. V. "The

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 7

fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 522 (1965)). Due process is "flexible and calls for such procedural protections as the particular situation demands." *Id.* at 334 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)). In immigration detention cases, courts in this Circuit apply the *Mathews* balancing test, weighing: (1) the private interest affected; (2) the risk of erroneous deprivation under existing procedures and the value of additional safeguards; and (3) the government's countervailing interest, including fiscal and administrative burdens. *Rodriguez Diaz*, 53 F.4th at 1206-07. The Court applies the *Mathews* test here.[2]

The Court first considers Petitioner's private interest. The private interest at stake here is freedom from detention, a liberty interest that "lies at the heart of the liberty [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. However, while the Supreme Court has consistently recognized the significance of an individual's interest in freedom from detention, *see Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action."); *Hamdi*, 542 U.S. at 529 (the interest in not being detained "is the most elemental of liberty interests"), it has also recognized that "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process," *Demore v. Kim*, 538 U.S. 510, 523 (2003).

Petitioner argues that his interest in freedom from physical confinement is substantial, and that the first *Mathews* factor strongly favors him because he has resided continuously in the community since his lawful admission into the United States in July 2019, he has strong family

---

[2] While Petitioner addresses the *Mathews* factors in both his petition and his traverse (*see* dkt. # 1 at 9-10; dkt. # 8 at 10-13), Respondents do not engage in any discussion of those factors.

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 8

and community ties in Washington, he has no criminal history, and he has viable forms of relief from removal available to him. (*See* dkt. # 1 at 9; dkt. # 8 at 10-11.)

However, while Petitioner was lawfully admitted to the United States over seven years ago, at the time of his arrest he had been unlawfully residing in the country for over six years. During that period of time, Petitioner made no apparent attempt to pursue lawful status in the United States despite the fact that he now claims he has viable forms of relief from removal available to him. Given Petitioner's unlawful presence in the country, ICE had statutory authority under § 1226(a) to arrest and detain Petitioner pending the removal proceedings initiated against him on the day of his arrest. Moreover, he was provided an initial custody review upon being detained, and he was afforded an opportunity to request additional review of the initial custody determination by an immigration judge, but he did not avail himself of that opportunity.

While Petitioner arguably had a protected liberty interest in freedom from detention, even under the circumstances presented here, the weight of that interest was diminished by the fact that he remained in the United States after the expiration of his authorized period of admission, a fact which he concedes (dkt. # 1 at 6, ¶ 25), and there was process available to him following his detention. The first *Mathews* factor weighs in Petitioner's favor, albeit not, as Petitioner argues, substantially so.[3]

---

[3] Courts in this district have applied the *Mathews* test to cases involving claims of unconstitutional re-detention and have consistently found in such cases that noncitizens who were previously detained by ICE, and then released from custody after a determination that they presented neither a danger to the community nor a flight risk, had a protected liberty interest in remaining out of custody once released, and thus were entitled to a hearing before a neutral decisionmaker prior to any re-detention. *See, e.g., Kumar v. Noem*, 2026 WL 668335 (W.D. Wash. Mar. 10, 2026); *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130 (W.D. Wash. 2025); *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025). Petitioner suggests that this line of cases support his procedural due process claim. (*See* dkt. # 8 at 10-11.) However, this is not a re-detention case, Petitioner does not have a protected liberty interest

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 9

The Court next considers the risk of an erroneous deprivation and the value in additional safeguards. Petitioner asserts in his petition that his ongoing detention under § 1226(a), in the absence of a hearing before a neutral decisionmaker, violates his procedural due process rights. (*See* dkt. # 1 generally.) However, the Court finds that claim somewhat disingenuous given that Petitioner did, in fact, have the right to request such a hearing and for reasons not revealed in the record, elected not to do so. The Court sees no value in providing additional or substitute procedural safeguards when Petitioner did not avail himself of those he had access to at the outset of his detention. The Court notes as well that even though Petitioner has now received a custody redetermination hearing by an immigration judge, § 1226(a) provides additional procedures for Petitioner to challenge his detention in the future should he choose to seek review by the BIA or should his circumstances change. And, as Respondents correctly indicate in their return, the Ninth Circuit has found that § 1226(a) and its implementing regulations satisfy due process. (Dkt. # 5 at 3 (citing *Rodriguez Diaz*, 53 F.4th at 1209-10).)

Finally, while there can be no doubt that Petitioner was deprived of his liberty when he was arrested, the record reveals no risk of an erroneous deprivation given that there is no dispute that Petitioner remained in the country unlawfully following the expiration of his visa. Arresting and detaining Petitioner under such circumstances falls squarely within ICE's purview under § 1226(a). The second *Mathews* factor weighs in Respondents' favor.

The Court now considers the government's interest. The government has a strong interest in preventing noncitizens from "remain[ing] in the United States in violation of our law," *Demore*, 538 U.S. at 518 (quotations omitted), as well as an interest in "ensuring the appearance

---

created by an order of conditional release, and the line of cases relied upon by Petitioner do not apply in this context.

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 10

of [noncitizens] at future immigration proceedings" and "preventing danger to the community," *Zadvydas*, 533 U.S. at 690. The Ninth Circuit, in *Rodriguez Diaz*, describes these as "interests of the highest order." 53 F.4th at 1208. As the government's interests are significant, and as § 1226(a) already provides substantial procedural protections for individuals such as Petitioner who are detained pending removal proceedings, the Court finds that the third *Mathews* factor weighs in favor of the government.

In sum, only one of the *Mathews* factors weighs in favor of Petitioner and two of the factors weigh in favor of Respondents. Thus, the Court finds no violation of Petitioner's procedural due process rights.

### III.    CONCLUSION

Based on the foregoing, the Court ORDERS:

(1)    Petitioner's petition for writ of habeas corpus (dkt. # 1) is DENIED, and this action is DISMISSED.

(2)    The Clerk shall direct copies of this Order to all counsel of record.

DATED this 28th day of July, 2026.

_____

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 11